UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE, REGION 3
Mitchell B. Hausman, Esq. (MH 1464)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | : Case No. 14-30963 (CMG) |
|  | : |
| Gaspari Nutrition, Inc., | : Chapter 11 |
|  | : |
|  | : The Honorable Christine Gravelle |
| Debtors. | : |
|  | : Hearing Date: October 21, 2014 at 2:00 p.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTOR'S MOTION FOR (I) AN ORDER (A) APPROVING BIDDING
PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE
REIMBURSEMENT; AND (B) SCHEDULING BID DEADLINE, AUCTION DATE,
AND SALE HEARING AND APPROVING NOTICE THEREOF; AND (II) AN
ORDER APPROVING (A) THE SALE OF THE DEBTOR'S ASSETS UNDER THE
ASSET PURCHASE AGREEMENT FREE AND CLEAR OF LIENS, CLAIMS,
CHARGES, ENCUMBRANCES AND INTERESTS AND (B) THE ASSUMPTION,
SALE AND ASSIGNMENT TO BUYER OF CERTAIN CONTRACTS OF THE
<u>DEBTOR</u>**

In support of her Objection to the Debtor's Motion for An Order Approving Bidding

Procedures, Including Break-Up Fee And Expense Reimbursement; And Scheduling Bid

Deadline, Auction Date, Sale Hearing And Approving Notice Thereof (Docket Entry 9) (the

"Bid Procedures Motion")[1], Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S.

Trustee"), by and through her undersigned counsel, states as follows:

---

[1] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Bid Procedures Motion.  It is the U.S. Trustee's understanding that the Debtor is not seeking the

1. This Court has jurisdiction to hear and determine this Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## BACKGROUND AND RELEVANT FACTS

### A. The Bankruptcy Case.

4. On October 14, 2014 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition. *See* Docket Entry 1.

5. The U. S. Trustee has scheduled a formation meeting to consider appointing an Official Committee of Unsecured Creditors (the "Committee") for October 28, 2014.

6. The Bid Procedures Motion was filed on the Petition Date and an Order Shortening Time set the hearing for October 21, 2014 at 2:00 p.m. *See* Docket Entry 16.

### B. The Debtors' Operations.

7. Incorporated in 2004, the Debtor is a leading developer and distributor of sports nutrition supplements. The Debtor's products are primarily sold through third party specialty

---

additional relief in the Bid Procedures Motion at this time (Order approving the sale and assumption and assignment of contracts).

retailers such as The Vitamin Shoppe, through distributors, who sell to smaller sports nutrition retailers, and through specialty on-line retailers like BodyBuilding.com and Amazon.com. The Debtor also distributes its product through a proprietary website and directly to consumers through various subscription services. *See* Docket Entry 2.

### C. The Bid Procedures Motion.

8. On October 14, 2014, the Debtor's filed the Bid Procedures Motion. Pursuant to the Bid Procedures Motion, the Debtor has entered into an Asset Purchase Agreement with Allegro Nutrition, LLC, ("Allegro") to act as a stalking horse for the sale of substantially all of the assets of the Debtor for $5 million (the "APA"). *See* Docket Entry 9-2, page 23 of 64.

9. Through the Bid Procedures Motion, the Debtor seeks approval of a break-up fee to Allegro in the amount of $125,000.00 in the event the Debtor consummates an alternative transaction (the "Break-Up Fee"). *See id.,* at page 47 of 64. In addition, the Debtor seeks approval to pay Allegro an expense reimbursement of $120,000.00 (the "Expense Reimbursement"). *See id*. There does not appear to be any review process by parties-in-interest concerning the payment of Allegro's expenses.

10. Through the Bid Procures Motion, the Debtor in consultation with Crestmark, the secured creditor, retain all discretion in determining who is a Qualified Bidder and who will be the highest and best offer. A Committee, if appointed, will only be given notice. *See* Docket Entry 9-1, pages 15, 18, and 20 of 33.

11. The U.S. Trustee objects to the Bid Procedures Motion on the following basis: (a) the pre-approval of the Break-Up Fee is not appropriate under these circumstances and under relevant Third Circuit law; (b) the Expense Reimbursement should allow for parties-in-interest to review the expenses before they are paid; (c) the Committee if and when formed should be a

3

consultation party concerning who is a Qualified Bidder and the selection of the Prevailing Bid; and (d) all dates set in the Bid Procedures Motion should be scheduled to give a Committee, if formed, as much time as possible to review the proposed sale in this case and potential bidders should be given as much time as possible to make a Qualified Bid.

## APPLICABLE LAW AND ANALYSIS

*The Break-Up Fee is Not Appropriate Under Relevant Third Circuit Law.*

12.     It appears that the Debtor seeks Court authorization to pay Allegro a break-up fee of $125,000.00 if Allegro is not the successful bidder at the hearing to approve the sale. *See* Docket Entry 9-2, page 47 of 64.

13.     In *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999), the Third Circuit established the standard that this Court must apply in determining whether to approve the Break-Up Fee. In *O'Brien*, the Third Circuit expressly rejected the application of the "business judgment rule" to the issue of break-up fees in the bankruptcy context. *See id*. at 535.

14.     Rather than applying the deferential "business judgment rule," the Third Circuit in *O'Brien* held that break-up fees must be treated as administrative expense claims under 11 U.S.C. § 503(b)(1)(A), "which requires that an expense provide some benefit to the debtor's estate." *See id*. at 536. Thus, anyone seeking a break-up fee in the Third Circuit bears the significant burden of proving that the break-up fee was "actually necessary to ***preserve the value of the estate***." *See id*. at 535 (emphasis added).

15.     In *O'Brien*, the Third Circuit Court of Appeals stated that ". . . the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *See id*.

The burden is on the Debtor to prove the necessity of, and benefit to the estate from, the proposed breakup fee or expense reimbursement. Moreover, although "the considerations that underlie the debtor's judgment may be relevant to the bankruptcy court's determination on a request for break-up fees and expenses," "the business judgment rule should not be applied as such in the bankruptcy context." *See id.*

16. In *O'Brien*, the sale in question resulted in a 100% recovery for unsecured creditors, and was supported by the unsecured creditors' committee. *See id*. at 529 and 536. Indeed, the *O'Brien* bankruptcy court had noted that the break-up fee would not injure unsecured creditors "who will be paid in full in any event." *See id*. at 536. Nevertheless, the Third Circuit affirmed the denial of a break-up fee on the grounds that it did not confer a benefit to the estate.

17. In *O'Brien*, the Third Circuit was presented with the familiar litany of arguments imported from non-bankruptcy cases to support the allowance of break-up fees in bankruptcy cases. For example, the applicant argued that break-up fees serve "to provide a prospective acquirer with some assurance that it will be compensated for the time and expense it has spent in putting together its offer" and to "encourage a prospective bidder to do the due diligence that is the prerequisite to any bid." *See id*. at 535. The Third Circuit was unmoved, however, flatly stating in response to these arguments that "[n]ot all of the purposes that break-up fees serve in corporate transactions are permissible in bankruptcy." *See id*. The Third Circuit did not accept the applicant's suggestion to consider the applicant's interests in determining whether a break-up fee is appropriate. Instead, the Third Circuit placed the emphasis squarely where it belongs – on the estate to which a trustee and a debtor in possession owe a fiduciary duty.

18. Even if a break-up fee of some amount might be warranted, it is obviously premature for the Court to make a determination of the proper amount at this time. To receive

5

the Break-Up Fee as an 11 U.S.C. § 503(b) claim, Allegro will have to disclose its costs and expenses in putting together the bid (which they are being separately compensated for), and the Break-Up Fee will have to be shown to have conferred a benefit to the estate in some verifiable amount.  *Cf. In re America West Airlines, Inc.*, 166 B.R. 908, 912-13 (Bankr. D. Ariz. 1994) ("the proposed break-up fee does not meet the standard of [11 U.S.C. §] 503 because it is not correlated to any transactional cost or expense incurred by the negotiating bidder"); *In re Hupp Industries, Inc.*, 140 B.R. 191, 196 (Bankr. N.D. Ohio 1992) (denying break-up fee where "assertion of unforeseen and unspecified liquidated damages . . . is insufficient to establish" that a benefit was conferred on estate).  These facts obviously cannot be discerned until *after* a sale to another bidder at a price more beneficial to the estate has been approved by the Court.  Just like the bankruptcy court in *O'Brien*, which was ultimately affirmed by the Third Circuit, this Court should hold off consideration of the Break-Up Fee until after the sale.  In addition, pursuant to 11 U.S.C. § 503(b), the request for a payment of an administrative claim must be after notice and a hearing.

      19.    Further, it is not until after the sale that this Court can determine whether the existence of the Break-Up Fee encouraged bidding or chilled bidding.  Of course, this Court must guard against any bidding procedure or break-up fee that will chill bidding, because the goal is to obtain the highest possible price for the Debtor's assets – not to lock Allegro in as the successful bidder.  As one court has stated: "[i]n bankruptcy pre-plan confirmation sales of assets....an allowance of [break-up] fees is to be highly scrutinized in view of the uncertainty of dividends, if any, to be received by claimants of the debtor's estate.  This concern is of particular relevance as it applies to the fate of unsecured claimants." *In re Hupp Industries, Inc.*, 140 B.R.

191, 195 (Bankr. N.D. Ohio 1992). This is especially true in this case which will be seven days old on the return date of the motion.

20. For the foregoing reasons, the Court should not pre-approve the Break-Up Fee.

21. In addition, the Expense Reimbursement should be ruled on after the sale and allow for parties-in-interest to review the expenses before they are authorized to be paid. Further the Committee, if formed, should be a consultation party concerning who is a Qualified Bidder and the selection of the Prevailing Bid. Moreover, all dates set in the Bid Procedures Motion should be extended out to give a Committee, if formed, the opportunity to fully review the proposed sale. Likewise, potential bidders should be given as much time as possible to make a Qualified Bid.

22. Given that oral objections to the Bid Procedures Motion will be allowed at the hearing, the U.S. Trustee reserves the right to raise additional arguments at the hearing.

## *CONCLUSION*

WHEREFORE, in light of the foregoing, the United States Trustee respectfully requests that the Bid Procedures Motion not be approved, and that the Court grant such further relief as is just and equitable.

    Respectfully submitted,

    ROBERTA A. DeANGELIS
    UNITED STATES TRUSTEE
    REGION 3

    By: */s/Mitchell Hausman*
        Mitchell B. Hausman
        Trial Attorney

Dated: October 20, 2014